UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 18-47 |
| ROLAND CHAMBERS | SECTION I |

### ORDER & REASONS

Before the Court is defendant Roland Chambers' ("Chambers") *pro se* motion[1] for a modification or reduction of his sentence under 18 U.S.C. § 3582(c)(1)(B) and the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018) ("First Step Act"). The motion also requests the appointment of counsel. The government opposes the motion.[2] For the following reasons, the motion for a sentence reduction is dismissed and the request for appointed counsel is denied.

### I.

On April 4, 2018, Chambers pled guilty to a single-count bill of information,[3] which charged him with conspiracy to distribute and possess with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 846.[4] On January 10, 2019, this Court sentenced Chambers to 115 months in prison and a four-year term of supervised release, per 21

---

[1] R. Doc. No. 88, at 1.
[2] R. Doc. No. 90.
[3] R. Doc. No. 17.
[4] R. Doc. No. 61, at 1.

U.S.C. § 841(b)(1)(B).[5] The sentence imposed was an upward departure,[6] and it was alternatively justified as an upward variance,[7] from the United States Sentencing Guidelines range based on the Court's consideration of the factors set forth in 18 U.S.C. § 3553(a).[8] Chambers' projected release date is October 29, 2025.[9]

Chambers filed a notice of appeal of the final judgment, conviction, and sentence to the United States Fifth Circuit Court of Appeals on January 14, 2019.[10] The government moved to dismiss the appeal pursuant to the appellate waiver in Chambers' plea agreement.[11] The Fifth Circuit granted the government's motion, and his appeal was dismissed.[12] Chambers' petition for a writ of certiorari was also denied by the Supreme Court.[13] On July 24, 2020, this Court denied Chambers' motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[14]

Chambers now asks the Court to modify or reduce his sentence, invoking 18 U.S.C. § 3582(c)(1)(B) and Section 401 of the First Step Act.[15] Chambers argues that

---

[5] *Id.* at 2–3.
[6] R. Doc. No. 62, at 1 (Statement of Reasons) (describing the sentence imposed as a departure from the guideline range).
[7] R. Doc. No. 71, at 11 (Sentencing Hearing Transcript) (stating that, notwithstanding the Court's finding that a departure was warranted, that the same sentence would have been imposed as a variance).
[8] Chambers' sentencing guideline range was 51 to 71 months. R. Doc. No. 60, at 8.
[9] *Inmate Locator*, BOP, https://www.bop.gov/inmateloc/ (last visited June 4, 2021).
[10] R. Doc. No. 63.
[11] R. Doc. No. 80-1, at 3.
[12] R. Doc. No. 80.
[13] *Chambers v. United States*, 141 S. Ct. 178 (2020).
[14] R. Doc. No. 87.
[15] R. Doc. No. 88, at 1.

Section 401 reduced the mandatory minimum sentence applicable to his case and should be applied retroactively to reduce his sentence by 60 months.[16]

The government opposes Chambers' motion, arguing that neither Section 401 of the First Step Act nor (although Chambers does not expressly rely on it) Section 404 of the First Step Act permit the Court to reduce Chambers' sentence.[17] Since neither of those sections authorize a sentence reduction, and any sentence reduction must be authorized by statute, the government argues this Court lacks jurisdiction to reduce Chambers' sentence. *See* 18 U.S.C. § 3582(c)(1)(B) (allowing for modifications of final prison sentences "to the extent otherwise expressly permitted by statute").

First, the government argues that Section 401 does not apply because that provision changed only certain enhanced statutory mandatory minimum sentences (and which predicate offenses trigger them), which does not apply to Chambers' 115-month sentence. As relevant here, Section 401 changed what qualifies as a prior conviction to trigger the 10-year enhanced mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B)—from any prior "felony drug offense" to a prior "serious drug felony or serious violent felony." First Step Act § 401(a). But that change does not apply here, argues the government, because Chambers was not subjected to the enhanced statutory minimum sentence in § 841(b)(1)(B)—as "the government did not seek a recidivist enhancement," per the terms of Chambers' plea agreement.[18]

---

[16] *Id.* at 2.
[17] R. Doc. No. 90, at 3–5.
[18] *Id.* at 4 (citing R. Doc. No. 27).

3

Rather, Chambers' 115-month prison sentence was an upward variance from the ordinary five-year statutory minimum, not an application of the 10-year mandatory minimum for repeat offenders, which would have implicate Section 401.[19] Therefore, the statutory-minimum predicates altered by the First Step Act did not affect Chambers' sentence.

Second, the government argues Section 404 is inapplicable here because it applies only to "covered offense[s]"—offenses (1) for which the sentence was modified by the Fair Sentencing Act of 2010 and (2) that were committed prior to August 3, 2010.[20] Because Chambers' conviction fits neither bill, the government reasons, Section 404 is inapplicable.[21] And because no provision of the First Step Act is applicable here, the government concludes that this Court is without statutory authority to modify Chambers' sentence.[22]

## II.

There are only a limited number of circumstances in which a final sentence of imprisonment may be modified or reduced. As applicable here, "a sentence to imprisonment can subsequently be . . . modified pursuant to the provisions of subsection (c) [of § 3582]." 18 U.S.C. § 3582(b)(1). Under 18 § 3582(c)(1)(B), in turn, "[a] court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." The First Step Act is one such statute, as it gives

---

[19] *Id.*
[20] *Id.* at 5 (quoting First Step Act § 404(a)).
[21] *Id.*
[22] *Id.* at 5.

courts "limited authority to consider reducing a sentence previously imposed." *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019).

As mentioned above, Chambers cites only Section 401 of the First Step Act. The government argues that section is inapplicable, as is Section 404 (although Chambers does not expressly rely on it). Without an applicable statute that authorizes a reduction of Chambers' sentence, the government argues that this Court lacks jurisdiction to grant the relief he seeks. The Court agrees.

### A.     First Step Act § 401

Section 401 of the First Step Act amended certain enhanced mandatory minimum sentences and penalties for drug offenses, one of which was 21 U.S.C. § 841, the provision that also provided the penalty for Chambers' offense (conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin). *See* 21 U.S.C. § 841(b)(1)(B). However, the Section 401 modified § 841 only to a limited extent—by changing the recidivist penalties that attach for certain prior offenses (and redefining which prior offenses qualify). Therefore, assuming that Section 401 applies to Chambers' sentence,[23] it still does not affect the sentence ultimately imposed.

Section 401 does not apply here because Chambers was not subjected to the recidivist enhancement in § 841(b)(1)(B). Per Chambers' plea agreement, the

---

[23] "Section 401 . . . applies only to offenses committed before the First Step Act's December 21, 2018 enactment date 'if a sentence for the offense has not been imposed' as of that date." *United States v. Washington*, No. 11-235, 2020 WL 3971282, at *2 (E.D. La. July 14, 2020) (Brown, C.J.) (quoting First Step Act § 401(c)). Chambers was sentenced on January 10, 2019. R. Doc. No. 61.

government did not seek, and this Court did not impose, the ten-year minimum recidivist sentence found in § 841(b)(1)(B) and implicated by Section 401.[24] If the Court did apply that enhancement, Chambers' sentence would have been no less than 120 months—a minimum of ten years; his sentence, however, was 115 months.[25] Accordingly, as Section 401 does not apply to Chambers' sentence, it cannot authorize this Court to reduce his sentence. *See* 18 U.S.C. §§ 3582(b)(1) & (c)(1)(B).

### B.  First Step Act § 404

Section 404(a) of the First Step Act applies only to "covered offense[s]." *United States v. Jackson*, 945 F.3d 315, 319 (5th Cir. 2019). A covered offense is defined as an offense (1) in violation of a statute which had its sentence "modified by section 2 or 3 of the Fair Sentencing Act of 2010" that (2) "was committed before August 3, 2010." *Id.* (quoting First Step Act § 404(a)). If there is such a covered offense, Section 404(b) allows a defendant to file a motion in his sentencing court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 [ ] were in effect at the time the covered offense was committed." First Step Act § 404(b).

Chambers' factual basis states that his charged conduct occurred between "at least May 1, 2017, and until August 31, 2017."[26] Because there is no indication in the record that Chambers committed the charged drug offense prior to August 3, 2010, it is not a "covered offense" under Section 404. *Jackson*, 945 F.3d at 319–20. Even if

---

[24] R. Doc. No. 27, at 1.
[25] R. Doc. No. 61, at 2.
[26] R. Doc. No. 28, at 1.

his offense was committed in the right timeframe, he was charged and pleaded guilty only to trafficking *heroin*[27]—an offense that did not have its sentence modified by the Fair Sentencing Act of 2010, unlike offenses involving solely crack cocaine. *See United States v. Wilfred*, No. 07-351, 2020 WL 4365531, at *1 (E.D. La. July 30, 2020) (Africk, J.) (finding an offense not "covered" because it involved both heroin *and* crack cocaine, rather than cocaine alone); *United States v. Eugene*, No. 09-46, 2020 WL 587983, at *4 (E.D. La. Feb. 6, 2020) (Feldman, J.) (same). Accordingly, Section 404 does not authorize a reduction of Chambers' sentence either.

Since neither Section 401 nor 404 "expressly permit[]" reducing Chambers' sentence, *see* 18 U.S.C. 3582(c)(1)(B), this Court lacks the statutory authority, and therefore the jurisdiction, to grant the relief he seeks. Accordingly, the Court dismisses his motion as ordered below.

## III.

Finally, Chambers included in his motion a request for the appointment of counsel. The Court denies this request.

There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). In the context of 18 U.S.C. § 3582(c)(2) motions, which are analogous to 18 U.S.C. § 3582(c)(1) motions like Chambers', "the Fifth Circuit has held that defendants have no statutory

---

[27] R. Doc. No. 17, at 1 (Bill of Information); R. Doc. No. 26, at 1 (Minute Entry of Re-Arraignment); R. Doc. No. 27, at 1 (Plea Agreement).

7

or constitutional right to counsel." *United States v. Joseph*, No. 15-307, 2020 WL 3128845, at *1 (E.D. La. June 12, 2020) (Vance, J.) (citing *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995), and *United States v. Moore*, 400 F. App'x 851, 852 (5th Cir. 2010) (per curiam)).

"Although a defendant in a § 3582(c) motion does not have a statutory or constitutional right to appointment of counsel, the Court may appoint counsel in the interest of justice." *United States v. Mogan*, No. 14-040, 2020 WL 2558216, at *4 n.29 (E.D. La. May 20, 2020) (Morgan, J.) (quoting *United States v. Rodriguez*, No. 10-17, 2015 WL 13664966, at *2 (S.D. Tex. Aug. 20, 2015) (citing *United States v. Robinson*, 542 F.3d 1045, 1051–52 (5th Cir. 2008))); *see* 18 U.S.C. § 3006A(a)(2) (allowing appointment of counsel under certain circumstances when "the court determines that the interests of justice so require"). The interests of justice do not require that counsel be appointed where a "defendant's motion does not involve complicated or unresolved issues" or where a defendant proves capable of representing himself *pro se*. *See Joseph*, 2020 WL 3128845, at *2 (quoting *Moore*, 400 F. App'x at 852 (addressing a § 3582(c)(1)(A)(i) motion on appeal)) (internal citation and alterations omitted).

The interests of justice do not require that the Court appoint counsel for Chambers. The motion at issue, now resolved, was not complex—it involved only two, straight-forward, purely legal issues for which the skill of appointed counsel likely would not have assisted the Court.

**IV.**

Accordingly,

**IT IS ORDERED** that Chambers' motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(B) is **DISMISSED** and his request for appointed counsel is **DENIED**.

New Orleans, Louisiana, June 4, 2021.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

9