## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 18-47** |
| **ROLAND CHAMBERS** | **SECTION I** |

### <u>ORDER & REASONS</u>

Before the Court is Roland Chambers' motion[1] to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Chambers asserts ineffective assistance of counsel with respect to counsel's failure to object to the factual basis, and counsel's failure to object to a sentencing guideline application.[2]  Chambers moves the Court to appoint counsel and to hold an evidentiary hearing.  The United States opposes[3] the motion.  For the following reasons, the Court declines to appoint counsel for Chambers, and an evidentiary hearing is unnecessary.  The Court dismisses the motion with prejudice on the merits.

### I.

The United States charged Chambers in a one-count bill of information[4] alleging conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846.  On April

---

[1] R. Doc. No. 91.

[2] In connection with his ineffective assistance of counsel claim regarding the factual basis, Chambers mentions that "counsel poorly negotiated a plea which counsel directed Chambers to enter into." See R. Doc. No. 91-1, at 7.  Chambers does not brief this contention as an independent claim, and the Court declines to address it as such.

[3] R. Doc. No. 94.

[4] R. Doc. No. 17.

4, 2018, Chambers appeared for his rearraignment with counsel.[5]  Chambers pleaded guilty to the one-count bill of information.[6]  In the written factual basis filed with the Court, Chambers admitted that he agreed to distribute over 100 grams of heroin with others.[7]

Prior to sentencing, the United States Probation Office prepared a pre-sentence report ("PSR"),[8] which included Chambers' criminal history.  According to the PSR, the instant drug conspiracy was Chambers' third federal conviction.[9]  On May 26, 1993, he was convicted of possession of a firearm while felony drug charges were pending against him in state court, and he was sentenced to a term of 18 months imprisonment.[10]  On February 4, 2014, he was convicted of conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin, distribution of heroin, and possession with intent to distribute 100 grams or more of heroin. Chambers was sentenced to a term of 71 months imprisonment.[11]  Soon after commencing supervised release in that case, Chambers was arrested for the instant offense for which he is currently incarcerated.

---

[5] R. Doc. No. 74, at 1, 4.
[6] R. Doc. No. 26.
[7] R. Doc. No. 28, at 4.
[8] R. Doc. No. 44.
[9] *Id*. at ¶¶ 36, 48.
[10] *Id*. at ¶ 36.
[11] *Id*. at ¶ 48.

In addition to his federal convictions, Chambers also has numerous prior adult convictions for state offenses.  Among those are five convictions for assaultive offenses, and three convictions for controlled substance offenses.[12]

Given Chambers' criminal history, before sentencing the government filed a motion[13] for an upward departure or variance.  The government's chief argument was that the guidelines range "under-represents [Chambers'] extensive criminal history."[14]  Chambers' counsel filed an opposition, arguing that a sentence within the guidelines would be sufficient.[15]  Chambers' opposition also offered his advanced age, health issues, and history of addiction as mitigating circumstances.[16]

On January 10, 2019, the Court upwardly departed, and it sentenced Chambers to an above-guidelines sentence of 115 months of imprisonment based on the Court's consideration of the factors set forth in 18 U.S.C. § 3553(a), including his extensive criminal history, the seriousness of the offense, multiple drug trafficking convictions, and prior assaultive behavior, among other factors.[17]  The Court also noted that Chambers' sentence was alternatively justified as an upward variance.[18]

---

[12] R. Doc. No. 44, at ¶¶ 32-48.
[13] R. Doc. No. 49.
[14] R. Doc. No. 49, at 4.
[15] R. Doc. No. 54.
[16] *Id*. at 1–3.  Chambers also filed objections to the PSR, and the Court resolved those objections at the sentencing hearing, before ruling on the government's motion for an upward departure.  R. Doc. No. 71, at 4–5.  The Court determined that Chambers' total offense level was 23, and his criminal history category was III, which yielded a sentencing guidelines range of 57 to 71 months.  *Id*. at 10.
[17] R. Doc. No. 62; R Doc. No. 71 (sentencing transcript), at 5–11.
[18] R. Doc. No. 71, at 11.

On June 5, 2019, Chambers filed a direct appeal, contending that the factual basis for his conviction was inadequate and that the Court should not have imposed a sentencing enhancement for reckless flight. *See United States v. Chambers*, 788 Fed. App'x 993 (5th Cir. 2020). On January 2, 2020, the Fifth Circuit affirmed Chambers' conviction, concluding, after plain error review, that the factual basis was sufficient and dismissing the sentencing-enhancement challenge due to the appellate waiver in Chambers' plea agreement.[19]  *Id.*  On June 29, 2020, the U.S. Supreme Court denied Chambers' petition for a writ of certiorari.[20]

Chambers filed the instant § 2255 motion on May 24, 2021, and the United States concedes that his motion "appears timely" as he filed it "less than one year after his judgement of conviction became final."[21]  *See* 28 U.S.C. § 2255(f)(1); *United States v. Redd*, 562 F.3d 309, 311 (5th Cir. 2009) ("For § 2255(f)(1), '[f]inality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'") (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)).  Accordingly, the Court reaches the merits of Chambers' motion.

## II.

Chambers requests the appointment of counsel.  Before proceeding to the merits, the Court addresses this issue.

---

[19] R. Doc. No. 80.
[20] R. Doc. No. 82.
[21] R. Doc. No. 94, at 3.

There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). For 28 U.S.C. § 2255 motions, the Fifth Circuit has held that defendants have no constitutional right to counsel, but there is a statutory right to counsel if the Court holds an evidentiary hearing. *United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993) ("there is a statutory right to appointed counsel in a section 2255 proceeding under Rule 8, 28 U.S.C. § 2255, if an evidentiary hearing is required."); *see also United States v. Nichols*, 30 F.3d 35, 36 (1994) ("Whether to appoint counsel to represent a defendant in a § 2255 proceeding is committed to the sound discretion of the district court," when an evidentiary hearing is not required). As explained below, the Court determines that an evidentiary hearing is unnecessary, and that the appointment of counsel is not required for Chambers.

Although a defendant in a section 2255 motion may not have a statutory or constitutional right to appointment of counsel, the Court may appoint counsel in the interest of justice. *See* 18 U.S.C. § 3006A(a)(2) (allowing appointment of counsel under certain circumstances when "the court determines that the interests of justice so require"); *see also United States v. Brown*, No. 13-243, 2020 WL 5095329, at *5 (E.D. La. Aug. 28, 2020) (Vance, J.) (restating that courts have discretion to appoint counsel for section 2255 motions if the interest of justice require).

The interests of justice do not require that the Court appoint counsel for Chambers as he has proven himself fully capable of representing himself pro se.[22] *See*, *e.g.*, *United States v. Delco*, No. 09-57, 2020 WL 4569670, at *2–3 (E.D. La. Aug. 7, 2020) (Ashe, J.) (denying appointment of counsel for defendant seeking compassionate release who submitted a well-reasoned, albeit ultimately unsuccessful brief).  Chambers adequately presents his arguments, and the appointment of counsel would not assist the Court in evaluating his claims. Accordingly, the Court declines to appoint counsel for Chambers.

## III.

A proceeding pursuant to 28 U.S.C. § 2255 is designed to remedy constitutional errors and certain other injuries that could not be brought on direct appeal and would result in injustice if left unaddressed. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).  Accordingly, the law allows a prisoner in federal custody to bring a motion to vacate, set aside, or correct his sentence in the court that imposed the sentence based on four grounds for relief: (1) if the sentence was imposed in violation of the Constitution or laws of the United States; (2) if the court was without jurisdiction to impose such sentence; (3) if the sentence was in excess of the maximum authorized by law; or (4) if [the sentence] is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a).

---

[22] *See* R. Doc. No. 91 (providing well-articulated reasons why Chambers seeks to vacate or correct his sentence).

A section 2255 proceeding is "an independent and collateral inquiry into the validity of [a] conviction." *United States v. Hayman*, 342 U.S. 205, 222–23 (1952). A defendant may only raise "issues of constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991), *cert. denied*, 502 U.S. 1076 (1992) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## IV.

Chambers presents two instances in which he contends that he received ineffective assistance of counsel: (A) when his counsel failed to object and subject the factual basis to "meaningful adversarial testing;"[23] and (B) when his counsel failed to challenge the application of an enhancement under U.S. Sentencing Guidelines § 3C1.2.[24] The Court addresses each argument in turn.

## A.

Ineffective assistance of counsel claims are governed by the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a defendant to prove both deficient performance and resulting prejudice. *Strickland*, 466 U.S. at 687.

Deficient performance is established by "show[ing] that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In applying this standard, a "court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it

---

[23] R. Doc. No. 91-1, at 6.
[24] *Id.* at 8.

is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (quoting *Strickland*, 466 U.S. at 689).  In other words, "judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689.

A showing of prejudice requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  With respect to guilty pleas, the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  Thus, in challenging a guilty plea on grounds of ineffective assistance, a defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

A defendant must satisfy both prongs of the *Strickland* test to succeed on an ineffective assistance claim.  *Strickland*, 466 U.S. at 687.  A court is not required to address these prongs in any particular order.  *Id.* at 697.  If it is possible to dispose of an ineffective assistance of counsel claim without addressing both prongs, "that course should be followed." *Id.*

First, Chambers argues that he received ineffective assistance of counsel "because counsel did not object to the factual basis."[25]   In particular, Chambers contends that "the actual amounts of heroin identified" in the factual basis are only

---

[25] R. Doc. No. 91-1, at 7.

"about 79.6 grams," which "is clearly less than 100 grams."[26]  The Court determines that this argument is meritless.

Chambers counsel argued on direct appeal that the factual basis was defective. However, the Fifth Circuit held, on plain error review, but after a review of the entire record, that the factual basis was sufficient to support Chambers' guilty plea. *United States v. Chambers*, 788 Fed. App'x 993, 995 (2020). The Fifth Circuit's determination is instructive, but because that review was for plain error, the Court continues to Chambers' specific contentions.

Chambers also argues that there are insufficient facts to support a finding of 100 grams or more of heroin.  He contends that the specific occurrences in the factual basis only demonstrate "about 79.6 grams" of heroin.[27]   Even if this premise were correct, Chambers ignores one of the closing admissions in the written factual basis: "The total weight of heroin that [Chambers] agreed to distribute with others was over 100 grams."[28]  The Court concludes that the concessions contained in the factual basis are sufficient to support Chambers' guilty plea.

---

[26] *Id*.  After resolving Chambers' objections to the PSR, the Court calculated his total offense level to be 23 and his criminal history to be category III, resulting in a guidelines range of 57 to 71 months.  R. Doc. No. 71, at 10.  That calculation includes a base level offense of 24 pursuant to U.S.S.G. § 2D1.1(c)(8) for an offense involving at least 100 grams, but less than 400 grams of heroin.  R. Doc. No. 44, at 7 ¶ 22.  If Chambers were responsible instead for an offense involving less than 80 grams of heroin, his base level offense would have been only 20, pursuant to U.S.S.G. § 2D1.1(c)(10).  Assuming a criminal history category of III, and the Court's sustaining Chambers' same objection, an offense involving at least 60 grams but less than 80 grams of heroin would have resulted in a total offense level of 19 with a guidelines range of 37-46 months.

[27] R. Doc. No. 91-1, at 7.

[28] R. Doc. No. 28, at 4.

Furthermore, Chambers' statements at his rearraignment hearing demonstrate his acknowledgement of the facts set forth in the factual basis. Before accepting Chambers' guilty plea, the Court conducted the following colloquy.

> **THE COURT**: What is the government's evidence with respect to the bill of information as to Mr. Chambers?
>
> **MR. PAYNE**: Would you like me to read the factual basis?
>
> **THE COURT**: Yes, please, and let's authenticate it.
>
> **MR. PAYNE**: Yes, your Honor. [The Assistant U.S. Attorney reads the factual basis aloud for the benefit of the record.]
>
> **THE COURT**: Have you heard the evidence and facts that detail the charge against you?
>
> **DEFENDANT ROLAND CHAMBERS**: Yes, sir.
>
> **THE COURT**: Have you read the factual basis?
>
> **DEFENDANT ROLAND CHAMBERS**: Yes, sir.
>
> **THE COURT**: Do you understand the government's evidence?
>
> **DEFENDANT ROLAND CHAMBERS**: Yes, sir.
>
> **THE COURT**: Are the U.S. Attorney's statements correct?
>
> **DEFENDANT ROLAND CHAMBERS**: Yes, sir.
>
> **THE COURT**: Do you agree that is what you did?
>
> **DEFENDANT ROLAND CHAMBERS**: Yes, sir.

Chambers cannot now retract the statements that he made under oath in open court. *See United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) ("'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.'") (quoting *Blackledge v. Allison*,

431 U.S. 63, 73–74 (1977)); *see also United States v. Gonzalez–Archuleta*, 507 F. App'x 441, 442 (5th Cir. 2013) (same).

Because the factual basis was sufficient, any objection from Chambers' counsel would have been futile, and "[the Fifth Circuit] has made clear that counsel is not required to make futile motions or objections." *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Accordingly, Chambers' first ineffective assistance claim fails on the deficient performance requirement. *Strickland*, 466 U.S. at 697.

Even if Chambers could succeed on the deficient performance requirement, Chambers has not met the prejudice requirement. "In order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. At bottom, this inquiry "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id*. "[T]he mere *possibility* of a different outcome is not sufficient...." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (emphasis added). The defendant "must affirmatively prove, not just allege, prejudice." *Day v. Quarterman*, 566 F.3d 527, 536 (5th Cir. 2009) (emphasis added). Chambers has failed to do so.

### B.

Chambers' second claim asserts that his counsel was ineffective at sentencing by failing to challenge the application of a sentencing enhancement pursuant to U.S.S.G. § 3C1.2.[29]

---

[29] R. Doc. 91, at 5; R. Doc. 91-1, at 8–10

Under the sentencing guidelines, "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer," the district court may increase the offense level by two. *See* U.S.S.G. § 3C1.2. For the enhancement to apply, "the government must show that the defendant (1) recklessly, (2) created a substantial risk of death or serious bodily injury, (3) to another person, (4) in the course of fleeing from a law enforcement officer, (5) and that this conduct occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." *United States v. Southerland*, 405 F.3d 263, 268 (5th Cir. 2005) (emphasis and quotation marks omitted).

Here, the Court added two points to Chambers' offense level computation pursuant to § 3C1.2. Chambers now argues that "[t]here is nothing in the Presentence Investigation Report to indicate that Chambers behaved or acted recklessly."[30] In particular, as to an unmarked patrol car with which he collided, Chambers contends that it is "unclear whether or not [the] vehicle was occupied at the time of the collision."[31]

Assuming *arguendo* that the enhancement under § 3C1.2 was improper, Chambers cannot demonstrate that the failure of his attorney to object amounted to prejudice under *Strickland*'s second prong. *See Glover v. United States*, 531 U.S. 196, 203 (2000) (reaffirming that evaluating ineffective assistance of counsel claims at

---

[30] R. Doc. No. 91-1, at 8.
[31] *Id.* at 9.

sentencing involves "a straightforward application of *Strickland*").  To establish *Strickland* prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. No such reasonable probability exists here.

Chambers' counsel filed an opposition to the government's motion for an upward departure, and counsel offered several reasons in mitigation.[32] Nevertheless, the Court upwardly departed when determining Chambers' sentence based on nine different factors enumerated at the sentencing hearing, including his extensive criminal history, the seriousness of the offense, and the fact that Chambers committed the instant offense while on supervised release for a prior federal conviction.[33]

Chambers cannot support the notion that the Court would have imposed a shorter sentence but for the allegedly defective performance of his counsel in not challenging one of the sentencing enhancements.  Indeed, the sentence imposed reflects the Court's independent determination that Chambers' sentence is a fair and reasonable punishment.[34] Thus, Chambers' ineffective assistance of counsel claim at the sentencing stage fails under *Strickland*'s prejudice prong.

---

[32] R. Doc. No. 54, at 1–3.
[33] R. Doc. No. 71, at 5–11.
[34] Specifically, the Court noted that the guidelines range was "too lenient" for reasons the Court identified.  R. Doc. No. 71, at 10.  The Court specified that it "incrementally reviewed" other alternatives before arriving at an appropriate range that

## IV.

Finally, Chambers requests that the Court hold an evidentiary hearing. Such a hearing is unnecessary because Chambers has not demonstrated deficiency or prejudice for his ineffective assistance of counsel claims. *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999); *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (finding that no evidentiary hearing is required if the defendant fails to produce any "independent indicia of the likely merit of [his] allegations"). "A § 2255 motion can be denied without an evidentiary hearing if 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Gladney*, 692 F. App'x 185, 185 (5th Cir. 2017) (quoting 28 U.S.C. § 2255(b)); *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). If a defendant's argument "consists of mere conclusory allegations or is otherwise inconsistent with the bulk of his conduct, an evidentiary hearing is unnecessary." *United States v. McDaniels*, 907 F.3d 366, 370 (5th Cir. 2018) (internal quotation marks, citations, and brackets omitted); *see also United States v. Batamula*, 823 F.3d 237, 243 (5th Cir. 2016) (en banc) (where a defendant's claim as to prejudice is "frivolous," a district court may "summarily dismiss the claim without holding an evidentiary hearing"). Here, given the discussion above, Chambers would be unable to elicit any facts at an evidentiary hearing that would be consequential to his claims. An evidentiary hearing is therefore unnecessary.

---

"address[ed] the concerns of the court." *Id*. The Court also clarified that it "would have ordered a non-guideline sentence identical to that imposed today for the reasons," previously explained. *Id*. at 11.

14

## V.

Accordingly,

**IT IS ORDERED** that Chambers' motion to vacate, set aside, or correct his

sentence is **DENIED** and **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, September 22, 2021.

_____

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

15